Manly, J.
 

 We concur with the Court below, in the opinion, the whole of the debtor’s property passed under the deed of September 7th, 1855, except the articles enumerated in the 7th section of the Revised Code, ch. 45.
 

 Articles which may be allowed under the 8th section, until they are set apart according to the provisions of the 9th, are in every respect, undistinguishable from the rest of the debt- or’s property. The whole is subject to execution, and may be treated in all respects as property unencumbered by any lien, growing out of the statute provisions made for “ poor debtors.”
 

 The object of the deed, ui^der consideration, seems to have been, to convey every thing that was not already protected from a levy, and, consequently, it embraced every thing not absolutely exempt. Other articles than the excepted ones of the 7th section, are only conditionally exempt, and do not belong to the charity list until certain legal proceedings are had, by which the property is impressed with a new character, — a character which it does not intrinsically possess. It does not appear that any articles had been sot apart under the provisions of the 8th and 9th sections of the act, at the time of the execution of the deed, and from, this defect of evi
 
 *145
 
 deuce, as well as from the fact that the defendant made a levy on all such as might have been allotted, we assume there was no allotment.
 

 Under such circumstances, a deed of all property,
 
 “
 
 except such as is allowed by law to poor debtors,” covers all except such as was then under legal exemption.
 

 If this deed be tested by another rule of construction, it may be made, perhaps, a little more plain. Take its provisions, as we are required to do, most strongly against the grantor, and allow the greatest amount of property to pass by it, which its words will warrant, and clearly, all will be embraced, save such as possesses an
 
 vnh&rmt
 
 exemption from the claims of creditors — -the articles enumerated in the 7th section. There is no error.
 

 Per Curiam,
 

 Judgment affirmed..